UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,       § | | |
|    Plaintiff/Respondent,              § | | |
| § | | |
| v.                                                          § | | **CRIMINAL NO. 6:14-25** |
| § | | **(CIVIL NO. 6:14-69)** |
| JORGE DE LA ROSA-RANGEL,     § | | |
|    Defendant/Movant.                    § | | |

## MEMORANDUM OPINION AND ORDER

Defendant/Movant Jorge De La Rosa-Rangel ("Movant") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 20.[1] The United States of America ("the Government") filed a Motion to Dismiss (D.E. 29), to which Movant responded (D.E. 30).

## I. FACTUAL BACKGROUND AND PROCEEDINGS

Movant pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1) pursuant to a written plea agreement with the Government. In the plea agreement (D.E. 11), Movant waived his right to appeal or collaterally attack his conviction or sentence. During rearraignment, Movant stated that he had read the plea agreement, discussed it with his attorney, and understood its terms; that he signed the plea agreement voluntarily, and it contained all of the promises that had been made to him; and that he understood the rights that he would be giving up by pleading guilty, including the right to file a § 2255 motion.[2] The Court found that

---

1. Docket Entry references are to the criminal case, 6:14-CR-25.

2. THE COURT: Okay. Did you sign your plea agreement voluntarily?
   THE DEFENDANT: Yes, sir.
   THE COURT: No one forced you to do that?
   THE DEFENDANT: No, sir.
   THE COURT: Did you read it before you signed it?
   THE DEFENDANT: Yes, I did.
   THE COURT: Did you discuss it with your lawyer?
   THE DEFENDANT: Yes.
   THE COURT: Do you feel like you understand the terms of this agreement?

Movant was competent and understood the nature of the charge and the consequences of the plea, and that his guilty plea was knowing and voluntary and supported by an independent basis in fact containing all the essential elements of the offense.

The Probation Department calculated both Movant's offense level and criminal history points in the Presentence Investigation Report (PSR, D.E. 13). Illegal reentry carries a base offense level of 8, but Movant's prior conviction in 2:11-CR-758 (S.D. Tex. 2011) added 4 levels to his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(D). After credit for acceptance of responsibility, Movant's total offense level was 10. Movant's criminal history points totaled nine, resulting in application of criminal history category V. His guideline imprisonment range was 21–27 months. Defense counsel did not file any objections to the PSR.

Meanwhile, a Petition for Warrant or Summons for Offender under Supervision was issued for Movant in 2:11-CR-758 based on his arrest for illegal reentry in this case.

The Court sentenced Movant on September 2, 2014 during a consolidated proceeding in which Movant was sentenced for illegal reentry and for violating the terms of his supervised release in 2:11-CR-758. After finding that Movant faced an advisory guideline range of 21–27

---

        THE DEFENDANT: Yes, sir.
        THE COURT: Has anyone made any promises to you to plead guilty, other than those contained in this agreement?
        THE DEFENDANT: No.
        THE COURT: On page three in paragraph seven, there is a waiver of certain rights to appeal. Were you aware of that before you signed it?
        THE DEFENDANT: Yes, sir.
        THE COURT: Were you aware that by signing this agreement, you not only waived your right to directly appeal your conviction and your sentence, but you also waived the right to collaterally attack it under Title 28, United States Code, Section 2255?
        THE DEFENDANT: That's correct.
        THE COURT: Do you feel like you understand the waiver and how it may affect your rights in this case?
        THE DEFENDANT: Yes, sir.
        THE COURT: Do you have any questions you want to ask me about this waiver?
        THE DEFENDANT: No.

Tr. 6/2/14, D.E. 25, pp. 5:24–7:5.

months for illegal reentry and 12–18 months for violating supervised release, the Court sentenced Movant to 21 months for illegal reentry and 6 months for the supervised release revocation, to run consecutively, yielding a total sentence of 27 months.

Movant did not appeal, but instead filed the present § 2255 motion on December 5, 2014. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant argues that his attorney was constitutionally ineffective at sentencing for failing to object to Paragraphs 37 and 38 of the PSR, each of which assigned Movant three criminal history points based on his prior convictions/sentences for illegal reentry in Cause Nos. 5:10-CR-361-1 (S.D. Tex. 2010) and 2:11-CR-758, respectively. The Government argues that Movant's claims are barred by his waiver of the right to appeal or to collaterally attack his sentence, or, in the alternative, that counsel was not ineffective for failing to raise the frivolous objections Movant asserts here.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B. Enforcement of Waiver**

Claims of ineffective assistance of counsel do not automatically relieve a defendant of his waivers of appeal and § 2255 post-conviction proceedings. *See United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (An ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself."). In *White*, the Court held that defendants were permitted to waive their right to pursue claims of ineffective assistance as part of a plea agreement if they wish to do so. *Id*. at 343. Although Movant argues that counsel was ineffective, his claims are focused on sentencing issues.

Movant was questioned at rearraignment regarding his understanding of the charges against him and informed of the maximum punishment, and he swore he was not promised leniency for his plea or forced to plead guilty. He was also questioned regarding the plea agreement and his waiver of his right to appeal and/or file a § 2255 motion. He testified he understood the plea agreement and understood that he was waiving these rights.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002); *see also United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea); *United States v. Maldonado-Rodriguez*, 64 F.3d 719, 733 (1st Cir. 1995) (giving credence to defendant's representations at plea hearing that he had not been pressured). Movant's testimony that he understood he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motion is all that is required for his waiver to be enforceable. *See Wilkes*, 20 F.3d at 653 ("[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary."). The Court finds that Movant's plea

agreement and his waiver of § 2255 rights contained therein are valid and enforceable. *See Id.*

Movant nonetheless urges the Court to apply an October 14, 2014 Department of Justice policy regarding waivers of claims of ineffective assistance of counsel. Pursuant to that policy, which the Government quotes in a footnote to its motion:

> [Where] a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve.

D.E. 29, p.2 n.3. It is the Government's decision—and not the Court—whether to enforce Movant's waiver under this policy. Furthermore, as set forth below, Movant's ineffective assistance of counsel claim has no merit.

### C. Ineffective Assistance of Counsel

Generally, an ineffective assistance of counsel claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Here, Movant argues that his attorney was constitutionally ineffective at sentencing for failing to object to the six criminal history points he received based on his prior convictions/sentences for illegal reentry.

In calculating a defendant's criminal history points, the Sentencing Guidelines instruct the sentencing court to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). Where a defendant is sentenced to additional imprisonment based on a revocation of supervised release, the court should "add the original term of imprisonment to any term of imprisonment imposed upon revocation," after which "[t]he resulting total is used to compute the criminal history points for § 4A1.1(a) . . . ." U.S.S.G. § 4A1.2(k)(1).

Paragraph 37 of the PSR reflects that Movant was sentenced to 12 months' imprisonment for his prior conviction for illegal reentry in 5:10-CR-361, plus an additional 8 months' imprisonment for violating the terms of his supervised release in that case. These two sentences should be added together, yielding a total sentence of 20 months' imprisonment. *See* U.S.S.G. § 4A1.2(k)(1). This sentence results in 3 criminal history points under U.S.S.G. § 4A1.1(a). Paragraph 38 of the PSR reflects that Movant was sentenced to 19 months' imprisonment for his prior conviction for illegal reentry in 2:11-CR-758. This sentence also results in 3 criminal history points under U.S.S.G. § 4A1.1(a).

The Court finds that Movant has not shown any error in his criminal history calculation. As such, trial counsel was not ineffective in failing to raise this frivolous objection to the PSR.

## IV. MOTION FOR EVIDENTIARY HEARING

Finally, Movant requests an evidentiary hearing "to address his misapplied sentencing guidelines and criminal history category." D.E. 30, p.2. Because the record in this case

conclusively shows that no relief is appropriate, no evidentiary hearing is necessary. *See United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983).

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims; that is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 29) is **GRANTED**, Movant's § 2255 motion (D.E. 20) is **DENIED**, his motion for an evidentiary hearing is **DENIED**, and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 13th day of July, 2015.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE